TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-000598-KB

**FINAL**

**DATE** 7/24/20

KENTUCKY BAR ASSOCIATION                                   MOVANT

*A Hutcherson*

V.                                IN SUPREME COURT

CASSIDY ANN TEATER                                   RESPONDENT

## OPINION AND ORDER

Cassidy Ann Teater (Teater), whose bar roster address is P.O. Box 986, Nicholasville, KY 40356, KBA Member Number 94855, was admitted to the practice of law in the Commonwealth of Kentucky on July 30, 2012.[1] On September 25, 2019, the Supreme Court of Tennessee prohibited Teater from practicing law in the state of Tennessee. This prohibition is tantamount to disbarment. Thereafter, the Kentucky Bar Association (KBA) filed a petition with this Court asking that we impose reciprocal discipline pursuant to SCR 3.435. We ordered Teater to show cause why we should not impose such discipline, and she failed to respond to that order. Because Teater failed to show cause as to why we should not impose reciprocal discipline, this Court

---

[1] Teater was suspended from the practice of law in Kentucky on January 19, 2018 for not fulfilling her CLE requirement. Her address at the time of the events that give rise to this discipline was in Antioch, Tennessee.

hereby disbars her from the practice of law, as consistent with the order of the Supreme Court of Tennessee.

## I. BACKGROUND

Kimberly Guzman paid Teater a $5,000.00 flat fee to represent her. Teater agreed to file a petition for an alien relative and an application for waiver of grounds of admissibility in order to permit Ms. Guzman's spouse to remain in the United States and to obtain a green card. Teater filed the petition for an alien relative but did not file the application for waiver of grounds of admissibility, despite assuring Ms. Guzman that she did so. Ms. Guzman was often unable to contact Teater, and Teater would not provide Ms. Guzman's file to either Ms. Guzman or Ms. Guzman's new counsel.

Juana Teletor Reyes paid Teater a $1,000.00 flat fee to represent her in removal proceedings. Teater informed Ms. Reyes's former counsel that Teater would be taking over representation and that she had filed a Motion to Substitute Counsel which had been granted. From December 2016 until the date of Ms. Reyes's removal hearing on April 27, 2017, Ms. Reyes was only able to make contact with Teater once. When Ms. Reyes appeared at Teater's office on the day of the telephonic removal hearing, the office was closed and appeared to be abandoned. Teater had never filed the Motion for Substitution of Counsel. Ms. Reyes traveled to Memphis, Tennessee and attempted to communicate with the judge in the removal proceeding, but an Order of Removal *in abstentia* had already been entered against her. Ms. Reyes's prior counsel filed a Motion to reopen the proceedings and set aside the removal.

Teater did not respond to Ms. Reyes's counsel's request for a declaration in support of Ms. Reyes's motion to set aside the removal or her request for Ms. Reyes's file.

Teater is licensed to practice law in Kentucky and Texas. She is not licensed to practice in Tennessee, but her practice is limited to federal immigration law. Tennessee took action against Teater pursuant to Tennessee's Rule of Professional Conduct 8.5(a) which provides that "a lawyer not admitted in this jurisdiction is also subject to disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction." The Board of Professional Responsibility of the Supreme Court of Tennessee found that Teater had violated the Rules of Professional Conduct 1.1 (competence), 1.3 (diligence), 1.4(a) (communication), 1.5 (fees), 1.16(d) (termination of representation), 3.2 (expediting litigation), and 8.4(a) (misconduct). That Board found that Teater had abandoned her clients after accepting payment from them, and that both clients suffered harm as a result. Tennessee found three aggravating factors but no mitigating factors, as Teater did not participate in the disciplinary proceedings. The Supreme Court of Tennessee prohibited Teater from practicing law in the courts of that state, and this prohibition is tantamount to a disbarment.

## II. ANALYSIS

When this Court is presented with an attorney facing disciplinary action in another jurisdiction, the Court must decide whether identical reciprocal discipline is warranted here in the Commonwealth. This Court "shall impose

3

the identical discipline unless Respondent proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this state." SCR 3.435(4). Without such "substantial evidence," "a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State." SCR 3.435(4)(c).

In the case before us, Teater has failed to provide any response or evidence showing a lack of jurisdiction or fraud in the Tennessee proceedings or any reason our Court should impose a lesser discipline upon her. As such, we shall follow the Rules of this Court and impose identical discipline. ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Cassidy Ann Teater is permanently disbarred from the practice of law in the Commonwealth of Kentucky, effective from the entry of this Opinion and Order;

2. Pursuant to SCR 3.390, Teater shall, if she has not already done so, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of her inability to represent them; notify, in writing, all courts in which she has matters pending of her permanent disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Respondent shall immediately cancel and cease any advertising activities in which she is engaged; and

4

3. In accordance with SCR 3.450, Teater shall pay all costs associated with these disciplinary proceedings against her, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: February 20, 2020.

_____
CHIEF JUSTICE

# Supreme Court of Kentucky

2019-SC-000598-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

CASSIDY ANN TEATER                                    RESPONDENT

## ORDER

Cassidy Ann Teater has moved this Court pursuant to CR[1] 59.05 to alter, amend, or vacate our February 20, 2020, Opinion and Order subjecting her to reciprocal discipline and permanently disbarring her from the practice of law after she was prohibited from practicing law in the courts of Tennessee by order of the Supreme Court of Tennessee. The prohibition was tantamount to disbarment. She requested we abate enforcement of our decision pending the outcome of her challenge to the Tennessee order currently pending in that state. The Kentucky Bar Association (KBA) has responded and does not oppose the motion.

On April 30, 2020, we entered a show cause order requiring Teater to file medical and/or professional proof supporting her assertions and requiring counsel to file an affidavit setting out the current status of the Tennessee

---

[1] Kentucky Rules of Civil Procedure.

challenge. These actions were to be completed on or before May 30, 2020.

On June 24, 2020, Teater filed a Motion for Enlargement of Time in which to file the required medical records. Although filed twenty-five days out of time, Teater did not allege the tardiness was the result of excusable neglect as required by CR 6.02(b), nor did the motion specify the length of enlargement sought. Attached to the motion were records Teater stated had been received the day before filing the motion. The tendered records do not appear to show Teater has been "effectively rendered incapable of doing virtually anything on her own," as alleged in her CR 59.05 motion. Teater indicated additional records were expected to be forthcoming. To date, counsel has failed to file the required affidavit. The KBA has responded and does not oppose the motion.

THEREFORE, IT IS HEREBY ORDERED:

Cassidy Ann Teater's motion to abate enforcement of our Opinion and Order entered on February 20, 2020, in *Kentucky Bar Association v. Teater*, 2019-SC-000598-KB, is DENIED. Likewise, the tardy motion for enlargement of time is DENIED.

All sitting. All concur.

ENTERED: July 9, 2020.

_____
CHIEF JUSTICE

2